**BIDIMAN WONG, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

**No. 05–2872–ag.**

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Jennifer Aldrich, Assistant United States Attorney, (Reginald I. Lloyd, United States Attorney for the District of South Carolina, on the brief), Columbia, SC, for Respondent.

Present: ROGER J. MINER, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Bidiman Wong, an ethnic Chinese businessman who is a native and citizen of Indonesia, seeks review of the May 9, 2005, order of the Board of Immigration Appeals ("BIA") affirming the January 26, 2004, decision of Immigration Judge ("IJ") Patricia A. Rohan denying Wong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Bidiman Wong*, No. A. 96 262 931 (B.I.A. May 9, 2005), *aff'g* No. A. 96 262 931 (Immig. Ct. N.Y. City Jan. 26, 2004). Wong appeals only the denial of his application for withholding of removal.[1] We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

When the BIA adopts the decision of the IJ, this Court reviews the IJ's decision as the final agency determination. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). While the government correctly notes that adverse credibility findings are reviewed under the deferential substantial evidence standard, here the IJ did not make an adverse credibility finding against Wong. Rather, assuming Wong credible and accepting his testimony as true, the IJ held that Wong had failed to satisfy his burden of establishing a clear probability of persecution on account of one of the protected grounds. We review de novo the IJ's legal conclusion that the evidence presented by Wong was insufficient to satisfy his burden of proof. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003).

Withholding of removal is granted when an applicant "establishes that it is more likely than not that his life or freedom would be threatened in [the] country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (internal quotation marks and citation omitted; brackets in original). A past threat to life or freedom creates a rebuttable presumption of a future threat. *See* 8 C.F.R. § 1208.16(b)(1). Based on our review of the record, we agree with the IJ that Wong failed to meet his burden of proof for substantially the reasons discussed in the IJ's opinion, including that Wong voluntarily returned to Indonesia after his store was destroyed in the 1998 riots, Wong did not encounter any difficulties in Indonesia in the two years prior to the time he left for the United States, and Wong's brothers, who are also ethnic Chinese businessmen, have not encountered any problems in Indonesia.

Furthermore, while we agree with Wong that the IJ should have explicitly determined whether the incidents recounted by Wong amounted to past persecution, *see Beskovic v. Gonzales*, 467 F.3d 223, 226–27

---

1. The BIA affirmed the IJ's finding that Wong's asylum application was time-barred because it was filed nearly two years after his entry into the United States and Wong had not established changed circumstances to excuse the delay. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(2)(D). Wong acknowledges that we lack jurisdiction to review these factual determinations. *See* 8 U.S.C. § 1158(a)(3). Wong also does not challenge the denial of his claim for CAT relief in his brief to this Court, and therefore, this claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

(2d Cir.2006), we do not find that this failure warrants remand in Wong's case. The IJ discussed each of the three incidents described by Wong as the basis of his claim, and encompassed within her ruling that Wong failed to satisfy his burden of establishing eligibility for withholding of removal is the finding that Wong had failed to set forth sufficient evidence establishing either a past or future threat to life or freedom on account of one of the protected grounds. As discussed above, the record supports the IJ's conclusion. Accordingly, remand in this case would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006) (finding remand unnecessary when "we can state with confidence that the IJ would adhere to his decision were the petition remanded").

For the foregoing reasons, the petition for review is DENIED.